IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| IN RE | : | CHAPTER 13 |
| MAURICE A. GLOVER, SR. | : | CASE NO: 17-11507ELF |
| Debtor | : |  |

**AMENDED CERTIFICATION OF NO RESPONSE TO DEBTOR'S MOTION TO DETERMINE VALIDITY OF PAYMENT CHANGE**

The Debtor, through counsel, hereby avers:

1. On September 12, 2020, Debtor filed the above-captioned motion. Doc. No. 53.

2. On September 12, 2020, the Motion and Notice of Motion was served on Robin P. Arkley II, CEO, SN Servicing Corp., 323 Fifth St., Eureka CA 95501.

3. Pursuant to Local Bankruptcy Rule 9014-3(h) and Fed. R. Bank. P. 9006(f), any response to the Motion was due no later than October 1, 2020.

4. On October 14, 2020, pursuant to the Court's instructions, Debtor's counsel served the Motion and Amended Notice of Continued Hearing, by first class mail, upon the agent of SN Servicing Corp., Michelle R. Ghidotti-Gonsalves, Esq., GHIDOTTI | BERGER, LLP, 1920 Old Tustin Ave., Santa Ana, CA 927051.

5. As of this date, no response has been filed to the Motion.

6. The Motion is treated as a contested matter under Fed. R. Bankr. P. 9014. Rule 9014(c) incorporates, inter alia, Fed. R. Bankr. P. 7055. Rule 7055, in turn, incorporates Fed. R. Civ. P. 55, governing defaults.

7.     Under Rule 55, when an answer is not timely filed, the entry of default is required. See Orange Theatre Corp. v. Rayherstz Amusement Corp., 130 F.2d 185 (3d Cir. 1942) (when the defendant has failed to file a timely responsive pleading, the entry of default under Rule 55 is ministerial); In re Antell, 155 B.R. 921, 924 (Bankr. E.D. Pa. 1992).  See also Order dated 01/31/2011, In re Felder, No. 10-19112 (Doc. No. 41).

WHEREFORE, Debtor prays that the Court enter an order granting the relief requested in the Motion.

/s/ Alfonso Madrid
ALFONSO MADRID, ESQ.
Community Legal Services of Philadelphia
Attorney for Debtor
1410 W. Erie Ave.
Philadelphia PA 19140
(215) 215-227-4795
amadrid@clsphila.org